IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN ROBINSON, # B-69058, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-1086-MJR |
| | ) |
| MELISSA SAUERWINE, | ) |
| ADMINISTRATIVE REVIEW BOARD, | ) |
| D. DELONG, | ) |
| and S.A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Stateville Correctional Center ("Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose during his incarceration at Menard Correctional Center ("Menard"). Plaintiff is serving a 40-year sentence for murder after being adjudged guilty but mentally ill in August 1995 (Doc. 1, p. 2). Plaintiff claims that Defendants have been deliberately indifferent to his need for treatment of his serious mental health conditions.

During his incarceration, Plaintiff has served time in about a dozen different prisons within the Illinois Department of Corrections' ("IDOC") system. In 2003, while he was an inmate at Pontiac Correctional Center, he was severely beaten by two inmates when he refused to help them assault correctional officers (Doc. 1, p. 3). After several other prison transfers, he was sent to Menard in 2011.

At Menard, Plaintiff was assigned to Defendant Delong (a psychologist) for mental health treatment. Plaintiff's symptoms included insomnia, hearing voices that told him to

hurt himself and others, and nightmares and post-traumatic stress disorder resulting from the attack on him in 2003 (Doc. 1, pp. 3-4). Plaintiff was placed on "crisis watch" several times after he threatened to harm himself; at least three times he succeeded in cutting himself in suicide attempts. Plaintiff requested Defendant Delong to see him more frequently, because his visits were limited to once per month for only 5-10 minutes. The only times when he had any "significant" treatment time with either Defendant Delong or Defendant Sauerwine (head of the Mental Health Department at Menard) was when he had attempted or threatened suicide (Doc. 1, p. 5). Plaintiff requested group and individual therapy, and drug counseling, but all his efforts to obtain more extensive mental health treatment were denied by Defendants Delong and Sauerwine. Defendant Sauerwine also refused to transfer Plaintiff to another institution where he could get more treatment.

Plaintiff further claims that Defendant Sauerwine failed to train other Menard staff on the proper handling of mentally ill inmates. This lack of training caused staff to ignore Plaintiff's complaints that he needed treatment, until after he would hurt himself (Doc. 1, pp. 5-6). Defendants Sauerwine and Godinez (IDOC Director) failed to provide sufficient mental health staff to meet the needs of the Menard inmate population. He claims they were authorized to employ four full-time psychologists, but instead had only two on staff to serve approximately 3744 prisoners. Plaintiff alleges this failure was a factor in limiting his treatment to one short monthly session, which was inadequate to meet his needs.

After Plaintiff's grievances over the denial of treatment had been denied by Defendants Sauerwine and Delong, as well as by the Menard warden, he appealed further. However, he never received any response to his appeal from the Defendant Administrative Review Board or from Defendant Godinez (Doc. 1, p. 4). As a result, the latter two Defendants

did not allow Plaintiff to exhaust his administrative remedies before bringing suit.

At some later unspecified time, Plaintiff was transferred to Pinckneyville Correctional Center and then to Stateville. He seeks nominal, compensatory, and punitive damages against Defendants Delong and Sauerwine. Further, he seeks injunctive relief to require Defendant Sauerwine to fill the vacant mental health positions at Menard, and to require Defendant Godinez to fill mental health vacancies at Menard and any other institutions within IDOC that may be short of staff (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action:

**Count 1:** Against Defendants Sauerwine and Delong for deliberate indifference to Plaintiff's serious mental health needs, in that they failed to provide him with necessary treatment;

**Count 2:** Against Defendant Sauerwine for failure to train Menard staff in properly responding to the needs of mentally ill inmates such as Plaintiff, causing his treatment to be denied or delayed;

**Count 3:** For injunctive relief, against Defendants Sauerwine[1] and Godinez for

---

[1] At this early stage, the allegations in the complaint regarding Plaintiff's frequent transfers suggest a realistic possibility that he would again be incarcerated at Menard under the conditions described in the complaint. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). For this reason, the claim against Defendant Sauerwine for injunctive relief shall remain in the action at this time. However, further factual development may indicate that this claim against her has become moot.

deliberate indifference to Plaintiff's serious mental health needs, in that they failed to fill open mental health provider positions, thus denying Plaintiff access to necessary treatment.

However, Plaintiff's due process claim against Defendants Administrative Review Board and Godinez for failing to address his grievances **(Count 4)** does not state a constitutional claim upon which relief may be granted, and shall be dismissed. The mishandling or failure to respond to grievances does not implicate any constitutional right. Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the substantive matters raised in the grievances. Nonetheless, a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

For these reasons, Plaintiff's due process claim (Count 4) shall be dismissed with prejudice. Defendant Administrative Review Board, which, as a division of a state agency, is not amenable to being sued in any case, shall be dismissed as a party. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for copies (Doc. 7) is **DENIED** without prejudice. Plaintiff's motion, dated October 18, 2013, but filed on November 5, 2013, states that the prison law library staff failed to give him a copy of his complaint (Doc. 1) after he submitted it for electronic transmission to this Court. Under this Court's General Order 2012-1, prison staff must provide to the prisoner one free copy of a document submitted for e-filing. General Order 2012-1, p. 2, ¶ 2. The Court trusts that by this time, Plaintiff has received his copy. If this is not so, Plaintiff may re-submit his motion.

As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. Copies of court documents are available at a cost of $.50 per page. *See* 28 U.S.C. § 1914(b).

**Disposition**

**COUNT 4** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendant **ADMINISTRATIVE REVIEW BOARD** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **SAUERWINE, DELONG,** and **GODINEZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28

U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 2, 2013**

s/ MICHAEL J. REAGAN
United States District Judge