IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  13-cv-1086-MJR-SCW |
| | ) |
| DANA DELONG, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

REAGAN, District Judge:

  This matter comes before the Court for case management purposes, namely because Plaintiff has failed to inform the Court of his current address or otherwise prosecute his case.

  Plaintiff filed suit in this Court on October 21, 2013 pursuant to 42 U.S.C. 1983, naming four Defendants and alleging violation of his federally-secured constitutional rights.  On threshold review of the complaint under 28 U.S.C. 1915A in December 2013, the undersigned Judge dismissed certain claims and Defendants, concluding that the complaint stated three colorable federal causes of action. That Order (Doc. 8) left three Defendants in the suit – Sauerwine, Delong, and Godinez.  Orders in April and May 2014 (Docs. 56, 62) resulted in the dismissal of Sauerwine and Godinez.  What now remains is a claim for deliberate indifference against Defendant Dana Delong (a psychiatrist) relating to treatment of Plaintiff's mental health while he was incarcerated at Menard Correctional Center.

  Shortly after filing his complaint, Plaintiff was released from prison (Doc. 14).  After several notices of change of address, Plaintiff informed the Court that he was currently residing in the Elgin Mental Health facility (Doc. 52).  Because of Plaintiff's placement in a mental health facility, the Court appointed counsel for Plaintiff.

  Attorney Joshua Pierson was appointed for Plaintiff on April 25, 2014 (Doc. 57).  Pierson

sought to contact Plaintiff and was unable to locate him at his last stated address, Elgin Mental Health Center. Plaintiff had been released from the mental health center (Doc. 70). Plaintiff had left a forwarding address at the center for a homeless shelter, but counsel was unable to locate Plaintiff there either.

Ultimately, Plaintiff's counsel sought to withdraw from the case due to his inability to locate Plaintiff. The Honorable Stephen C. Williams, United States Magistrate Judge, held a hearing on that motion on July 1, 2014 (Doc. 69). Counsel had provided notice of the motion and the hearing date to Plaintiff's last known address. Plaintiff did not appear at the July 1st hearing. Judge Williams granted counsel's motion to withdraw and informed Plaintiff that he had 21 days to retain counsel or proceed pro se and, either way, inform the Court of his current address. Plaintiff was warned that failure to inform the Court of his current whereabouts would result in a dismissal of his case (Doc. 70).

As of today, Plaintiff has failed to comply with the Court's Orders, and his current whereabouts are unknown. Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the Local Rules of this District Court provide, as Plaintiff was informed in this Court's threshold Order, that Plaintiff is "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his … location." See **LOCAL RULE 3.1(b).** The Court previously warned Plaintiff that his failure to comply with Local Rule 3.1(b) could result in a dismissal of his case (Docs. 8 and 70).

While Plaintiff has had ample opportunity to prosecute this case, Plaintiff has failed to file anything in this case since his notice of change of address on March 26, 2014 (Doc. 52). Since that time, Plaintiff has failed to participate in this case in any manner. He failed to update his address upon his release from the mental health center, failed to appear before this Court at his counsel's

motion to withdraw hearing, failed to update the Court on his current whereabouts, and failed to notify the Court whether he had obtained counsel or opted to proceed pro se, as ordered by Judge Williams.

The Court has sent several filings to Plaintiff's last known address, some of which have been returned as undeliverable. Furthermore, Plaintiff's appointed counsel diligently attempted to locate Plaintiff and was unable to do so. Thus, the record before the Court indicates that Plaintiff simply no longer wishes to prosecute his case. Accordingly, the Court **DISMISSES with prejudice** Plaintiff's case for want of prosecution. This renders **MOOT** Defendant's motion for summary judgment (Doc. 64). The Clerk of Court shall enter judgment.

IT IS SO ORDERED.

DATED September 3, 2014.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge